**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cr-00132 GAF |
| | ) | |
| EDWARD GLEASON, Et Al | ) | |
| | ) | |
| Defendant. | ) | |

**UNAPPOSED MOTION FOR CONTINUANCE**
**OF TRIAL SETTING FROM THE MARCH DOCKET**
**TO THE APRIL 2020 REGULAR CRIMINAL**
**DOCKET WITH SUGGESTIONS**
_____

COMES NOW defendant through counsel and moves the court to continue this matter from its present March setting to the April 2020 regular criminal docket. As grounds defendant states:

1. On January 22, 2019, former counsel moved to withdraw from the case because of conflict. The motion was granted on January 30th and undersigned counsel took over the cases as appointed CJA attorney for defendant.

2. While counsel is prepared to try this case on the March docket, matters have arisen similar to those that occurred with prior counsel dealing with the issue of representation. These have been addressed in an ex parte motion presently on file with the court.

3. It is anticipated that a hearing will be required to address Mr. Gleason's concerns. Regardless of whether counsel remains on the case or is replaced this recent unexpected development necessitates at least a one-docket extension of the trial date. The Government has no objection to this request. Other counsel have indicated they anticipate pleading guilty.

4. Counsel submits that defendant is entitled to a continuance under the provisions of Title 18, United States Code, Section 3161(h)(8)(B), in that: 1) trial on the currently scheduled upcoming docket would result in a miscarriage of justice; 2) the case is reasonably complex and is significant in terms of the outcome because of the serious nature of the charges and the statutory penalties involved; 3) it is unreasonable to expect current counsel or a replacement counsel and the defendant to be ready for trial by the currently scheduled date; and, 4) failure to grant a continuance would likely prevent undersigned counsel from being able to adequately complete vital work that needs to be done and prepare and present the defense case in a meaningful and constitutionally adequate means if trial were to proceed on the current setting.

**WHEREFORE**, defendant moves the court to strike the case from its current setting and continue the case to the regular scheduled criminal docket for the month of April 2020.

Respectfully submitted,

/S/

John R. Osgood
Attorney at Law, #23896

112 SW 3rd Street
Lee's Summit, MO  64063
Email: jrosgood@earthlink.net
Office Phone: (816) 525-8200
Fax:            525-7580

CERTIFICATE OF SERVICE
I certify that a copy of this pleading has been caused to be served on the Assistant United States Attorney for Western District of Missouri and other ECF listed counsel through use of the Electronic Court Document Filing System on February 20, 2020.

/s/
JOHN R. OSGOOD