# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-00132-01-CR-W-GAF |
| EDWARD J. GLEASON, | |
| Defendant. | |

### GOVERNMENT'S NOTICE OF INTENT TO OFFER PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Comes now the United States of America, by Timothy A. Garrison, United States Attorney, and Assistant United States Attorney, Alison D. Dunning, both for the Western District of Missouri, and files its Notice of Intent to Offer Prior Convictions Pursuant to Federal Rule of Evidence 404(b) and states the following in support:

## I. *Introduction*

The defendant, Edward J. Gleason, was one of four defendants named in a fifteen-count indictment returned on April 19, 2017, charging him with: conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count One); distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts Two, Three, Five, Seven, Eight, Nine, and Ten); possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Four); and aiding and abetting another in the distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2 (Count Six). The case is presently scheduled on the Court's July 2020 trial docket, commencing July 6, 2020.

The items of evidence sought to be admitted – the defendant's prior convictions for drug possession – go to establishing the defendant's knowledge and intent regarding the conspiracy to distribute, distribution, and possession with intent to distribute methamphetamine at issue. Moreover, the probative value of the evidence is not substantially outweighed by a danger of unfair prejudice, confusing the issues, or undue delay. Thus, the evidence should be admitted at trial, as explained in more detail below.

## II.     *Statement of Facts*

At trial, the Government intends to elect to present evidence related to this defendant for Counts One through Four. In February 2015, Kansas City, Missouri Police Department officers were investigating the defendant, Edward J. Gleason, for drug trafficking. On February 16, 2015, officers conducting surveillance on the defendant observed him conduct an apparent hand-to-hand drug transaction with the occupants of another vehicle while parked near St. John Avenue and Oakley Avenue in Kansas City, Missouri. After the transaction, officers conducted a car stop on the other vehicle and recovered approximately 7.3 grams of a white crystal substance that field-tested positive for methamphetamine from the driver of the vehicle.

On March 2, 2015, a confidential informant and undercover detective conducted a controlled buy of 3.3542 grams of methamphetamine from the defendant near Smart Avenue and Hardesty Avenue in Kansas City, Missouri in exchange for $100 of pre-recorded buy money. The substance sold by the defendant was later tested and identified by the Kansas City, Missouri Police Crime Laboratory.

On March 11, 2015, officers executed a Missouri state search warrant at the defendant's residence at 339 S. Colorado Avenue in Kansas City, Missouri. During the search, investigators recovered a total of $21,836 stored and concealed in various locations throughout the house including approximately $16,900 hidden in socks. The pre-recorded buy money given to the

defendant in the March 2, 2015 transaction was discovered among the money. Additionally, officers found a large bag of miscellaneous rubber bands, a roll of plastic wrap, paperwork and identification in the defendant's name, and a water bill in the defendant's wife's name.

On March 12, 2015, the defendant was interviewed after waiving his *Miranda* rights. The defendant admitted that he sold methamphetamine and heroin. The defendant said since October 2014, he had purchased approximately four pounds of methamphetamine per week from his source, and that he paid between $8,000 and $8,500 per pound. The defendant also stated he had been purchasing two to four ounces of heroin each week from the same source since January 2015. The defendant told investigators he was currently storing approximately one pound of methamphetamine at an apartment at St. John Avenue and Gladstone Boulevard in Kansas City, Missouri. The defendant gave directions to the apartment, and advised the occupant of the apartment speaks Spanish and sometimes assisted him with arranging transactions. The defendant contacted the occupant of the apartment and directed him/her to reveal the location of the methamphetamine to officers. The defendant admitted the money found at his residence was drug proceeds and that he intended to use it to purchase additional methamphetamine and heroin.

On March 12, 2015, officers executed a Missouri state search at the apartment described by the defendant, 105 N. Gladstone Boulevard, Apartment 4, in Kansas City, Missouri. Officers recovered 490.63 grams of methamphetamine packaged in five separate bags from a shoebox located in a suitcase. The recovered substance was later tested and identified by the Kansas City, Missouri Police Crime Laboratory. Officers also located a notebook in the same apartment that contained references to the defendant and the occupant of the apartment.

### III.   *Proposed Rule 404(B) Evidence*

The Government is seeking to admit evidence of the defendant's prior criminal convictions. Specifically, the defendant was convicted of the following crimes:

3

- On April 11, 2003, the defendant was sentenced in Jackson County, Missouri Circuit Court in Case No. CR00-03520, following his conviction for possession of a controlled substance (cocaine), in violation of Rev. Stat. Mo. § 195.202 for conduct occurring on May 3, 2000;

- On April 11, 2003, the defendant was sentenced in Jackson County, Missouri Circuit Court in Case No. CR01-04129, following his conviction for possession of a controlled substance (cocaine base)[1] for conduct occurring on December 4, 2000; and

- On August 31, 2010, the defendant was sentenced in Jackson County, Missouri Circuit Court in Case No. 0816-CR06643-01, following his conviction for possession of a controlled substance (cocaine), in violation of Rev. Stat. Mo. § 195.202 for conduct occurring on March 3, 2008.

The Government intends to present its Rule 404(b) evidence in the form of certified records of each prior conviction, specifically the charging document and judgment for each case. The Government has previously provided a copy of the documents to the defendant, and will provide certified copies when they are received.

## IV.  *Legal Discussion*

    a.    Rule 404(b) generally

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part:

---

[1] The charging document, an indictment dated April 4, 2003, charged the defendant with the class B felony of second-degree drug trafficking. However, the Judgment indicates he was convicted of possession and was sentenced to 32 days in the Jackson County Department of Corrections—a sentence that would not have been possible if he was convicted of a B felony, which would have required a five-year mandatory minimum sentence. *See* Rev. Stat. Mo. § 558.011.

> Crimes, wrongs, or Other Acts. (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Great deference is given to a district court's admission of Rule 404(b) evidence. *United States v. Vieth*, 397 F.3d 615, 618 (8th Cir. 2005). The trial court does not abuse its discretion by admitting such evidence, unless the evidence clearly had no bearing on any material issue in the case. *United States v. DeAngelo*, 13 F.3d 1228, 1232 (8th Cir. 1994). While admission is discretionary, Rule 404(b) is a rule of inclusion, not a rule that carries a presumption of exclusion. *See Arcoren v. United States*, 929 F.2d 1235, 1243 (8th Cir. 1991) ("Rule 404(b) is one of inclusion rather than exclusion [ ]").

If, therefore, the prosecution can offer a proper purpose for the admission of the evidence, the evidence is to be admitted unless considerations of *unfair* prejudice (Rule 403) dictate otherwise. *United States v. Loveless*, 139 F.3d 587, 592 (8th Cir. 1998). Such unfair prejudice is to be found only where the evidence shows merely the criminal propensities of the defendant. *United States v. Escobar*, 50 F.3d 1414, 1421 (8th Cir. 1995). The Eighth Circuit has consistently allowed similar acts of illegal activity to be introduced into evidence in prosecutions where, as here, intent and knowledge were essential elements of the crime charged. *United States v. Tomberlin*, 130 F.3d 1318, 1320 (8th Cir. 1997); *United States v. Dobynes*, 905 F.2d 1192, 1195 (8th Cir 1990).

  b. The Evidence is Relevant to a Material Issue

The defendant is charged with knowingly conspiring to distribute, distributing and possessing with intent to distribute methamphetamine. When a defendant places his state of mind

5

at issue by a general denial defense, Rule 404(b) evidence becomes admissible as probative of knowledge and intent to commit the charged offense. *United States v. Ellis*, 817 F.3d 570, 579-80 (8th Cir. 2016).

Even the defendant's prior convictions for drug possession are relevant to prove knowledge and intent to distribute drugs. "[E]vidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element." *United States v. Gipson*, 446 F.3d 828, 831 (8th Cir. 2006) quoting *United States v. Jackson*, 278 F.3d 769, 771 (8th Cir. 2002). See also *United States v. Thomas,* 398 F.3d 1058, 1062-63 (8th Cir. 2005); *United States v. Logan*, 121 F.3d 1172, 1178 (8th Cir. 1997); *United States v. Ruiz-Estrada*, 312 F.3d 398, 403 (8th Cir. 2002) ("Ruiz-Estrada's prior drug conviction for simple possession of cocaine was material and relevant to prove both his knowledge of drugs and his intent to commit drug offenses, as well as relevant to rebut his 'mere presence' defense.")

Here, the defendant has been charged with knowingly conspiring to distribute, distributing and possessing with intent to distribute methamphetamine. The defendant has asserted a defense of general denial. The defendant's prior convictions for possession of a controlled substance are relevant to the material issues of knowledge and intent. The defendant's prior convictions easily meet the criteria considered by the Eighth Circuit which has held that evidence of a "prior conviction is admissible if (1) it is relevant to a material issue, (2) it is similar in kind and not overly remote in time to the charged offense, (3) it is supported by sufficient evidence, and (4) its potential prejudice does not substantially outweigh its probative value." *Ellis*, 817 F.3d at 579.

  c.  The Evidence is Similar in Kind and Not Overly Remote in Time

The defendant's prior drug offense convictions are similar in kind to the offenses presently charged. "[E]vidence of similar prior drug activity is admissible in drug prosecution cases because a defendant's complicity in other similar transactions serves to establish intent or motive to commit the crime charged." *United States v. Felix*, 867 F.2d 1068, 1072 (8th Cir. 1989). As discussed above, even prior drug possession convictions are properly determined to be sufficiently similar in kind in drug distribution offenses. "We have held on numerous occasions that a prior conviction for distributing drugs, and even the possession of user-quantities of a controlled substance, are relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs." *United States v. Frazier*, 280 F.3d 835, 847 (8th Cir. 2002). Prior convictions can be sufficiently similar even if, as here, they involve a different drug than the case at hand. See *United States v. Tomberlin*, 130 F.3d at 1319-21 (prior convictions for offenses involving marijuana and crack cocaine admissible in Tomberlin's possession with intent to distribute methamphetamine trial); *United States v. Carmickel*, 263 F.3d 829, 830 (8th Cir. 2001) (prior conviction for sale of crack cocaine admissible in Carmickel's trial for possession with intent to distribute cocaine).

The defendant's prior drug convictions are not too remote in time. Even though the conduct underlying the defendant's prior convictions occurred approximately 7 and 15 years before the instant offenses, Eighth Circuit case law makes clear that this is not too remote. Indeed, "there is no fixed period within which the prior acts must have occurred." *Jackson*, 278 F.3d at 772. See also *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005); *United States v. Engleman*, 648 F.2d 473, 479 (8th Cir. 1981).

In *Ellis*, the prior drug conviction admitted as Rule 404(b) evidence occurred 19 years before the charged offense. 817 F.3d at 580. The *Ellis* Court noted that prior convictions similarly remote in time had been held properly admitted. *Id.* citing *United States v. Williams*, 308 F.3d 833, 836-37 (8th Cir. 2002) (20 years); *United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006) (18 years); *United States v. McCarthy*, 97 F.3d 1562, 1573 (8th Cir. 1996) (17 years); *United States v. Warren*, 788 F.3d 805, 812 (8th Cir. 2015) (15 years). In *Ellis*, the Eighth Circuit noted "[a] factor relevant in those cases is also present in this case, namely, that Ellis was incarcerated for much of the time between his 1996 offense and the offense charged here." *Id.* at 580 citing *Warren* 788 F.3d at 812 ("the admission of 'remote convictions [has] been upheld when a defendant has been in custody for much of the intervening time period.")

Regarding the defendant's prior incarceration, he was sentenced on July 9, 2001 to 60 months' imprisonment for his federal conviction for being a felon in possession of a firearm in United States District Court, Western District of Missouri Case Number 00-00463-01-CR-W-1. (An Order of Detention was entered on December 11, 2000 in that case following the defendant's initial appearance on December 5, 2000). On April 11, 2003, the defendant received sentences of 32 days each on Jackson County Case Numbers, CR00-03520 and CR01-04129. The defendant's supervised release on his federal case was revoked on May 26, 2006, and he was sentenced to 8 months' imprisonment with no supervised release to follow. (It appears that he was in custody beginning on May 16, 2006 for the supervised release matter). Finally, the defendant was sentenced to 5 years' imprisonment on Jackson County case 0816-CR06643-01 on August 31, 2010. The defendant was thus incarcerated on multiple cases for part of the intervening timeframe between 2000 and 2015.

d.  The Certified Copies of the Convictions is Sufficient Evidence

The proof of the prior convictions through certified copies of the charging documents and judgments will be sufficient evidence.

e.  The Potential Prejudice Does Not Outweigh the Probative Value of the Evidence

Rule 403 of the Federal Rules of Evidence is not an obstacle. There is no danger of "unfair" prejudice, much less any that would outweigh the substantial probative value of the prior convictions in the circumstances of this case. Moreover, the Government intends to offer only the prior convictions and not the underlying facts, and the evidence will require hardly any time to present. In order to limit the potential prejudicial effect of this evidence and to guarantee that jurors correctly limit their consideration of evidence admitted under the Rule, the Eighth Circuit has long held that issuing a standard limiting instruction is appropriate. *United States v. Kent*, 531 F.3d 642, 651 (8th Cir. 2008). The Eighth Circuit has "'been reluctant to find that the evidence was unfairly prejudicial when the district court gave an appropriate limiting instruction, instructing the jury not to use the evidence as proof of the acts charged in the indictment.'" *Id.* quoting *Loveless*, 139 F.3d at 593. The Government intends to offer a limiting instruction in this case in conjunction with its presentation of 404(b) evidence, as the United States is entitled to present the 'other crimes' evidence during its case-in-chief.[2]

Measured against these legal standards, the defendant's prior convictions are admissible under Rule 404(b) and do not run afoul of Rule 403.

---

[2] Since the defendant has asserted the defense of general denial, and has pled not guilty to the charged crimes, the Government is entitled to present evidence relating to the defendant's intent during its case-in-chief. See *Walker*, 470 F.3d at 1274; *United States v. Hill,* 249 F.3d 707, 712 (8th Cir. 2001) citing *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997) ("Hill's attempt to remove intent as an issue in the case did not lift the Government's burden of proving Hill's intent.")

*V.*     *<u>Conclusion</u>*

WHEREFORE, the United States respectfully files its Notice of Intent to Offer Prior Convictions Pursuant to Federal Rule of Evidence 404(b).

                                                Respectfully submitted,

                                                Timothy A. Garrison
                                                United States Attorney

                                By     */s/Alison D. Dunning*

                                                Alison D. Dunning
                                                Assistant United States Attorney
                                                Charles Evans Whittaker Courthouse
                                                400 East Ninth Street, Room 5510
                                                Kansas City, Missouri 64106
                                                Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was delivered on June 12, 2020, to the Electronic Filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/Alison D. Dunning*
Alison D. Dunning
Assistant United States Attorney