IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF
MISSOURI WESTERN DIVISION

Edward J. Gleason,
    Defendant,

v.

UNITED STATES OF AMERICA,
    Plaintiff,

Case No. 17-00132-01-CR-W-GAF

## Motion to Withdraw Plea of Guilt and to appoint New Counsel for Future Court Proceedings

Comes now the Defendant acting in pro se respectfully asks this Honorable Court to withdraw his plea of Guilt, and to appoint new counsel for future court proceedings.

### Suggestions in Support

The Defendants 6th and 14th Amendment's were violated on July 13th, 2020 with the start of his trial. The Aforementioned case no. 17-00132-01-CR-W-GAF

The Defendant went to trial on July 13, 2020, WITH THE UNDERSTANDING THAT THE OTHER ALLEGED CO-CONSPIRITORS ON THE INDICTMENT HAD THEIR GUILTY PLEAS ACCEPTED BY THE COURT BEFORE JURY SELECTION BEGAN. DURING TRIAL, THE DEFENDANT FELT DEFENSE COUNSEL JOHN OSGOOD WAS GIVING ERRONEOUS AND INADEQUATE LEGAL ADVICE AT THAT TIME DURING TRIAL,

THE DEFENDANT DECIDED TO STOP THE TRIAL AND ENTER A PLEA OF GUILT, WITH THE OPTION TO PRESERVE HIS APPEAL RIGHTS. THIS OCCURRED on July 14th 2020. IT WASN'T UNTIL AFTER THE DEFENDANT PLEAD GUILTY, DURING TRIAL, THAT THE DEFENDANT came TO UNDERSTAND THAT ONE CO-DEFENDANT, MICHAEL WINN, DID NOT IN FACT HAVE A PLEA of GUILT ACCEPTED BY THE COURT. THE COURT RECORDS WILL REFLECT THIS. MR. WINN'S PLEA of GUILT, WASN'T ACCEPTED BY THIS COURT, UNTIL JULY 21, of 2020. WHICH IS 7 DAYS AFTER THE DEFENDANT GLEASON'S, PLEA OF GUILT WAS ACCEPTED DURING DEFENDANT'S TRIAL. NO MOTION TO SEVERANCE WAS BROUGHT BEFORE THIS COURT VERBALLY OR OTHERWISE, as THE COURT RECORDS WILL REFLECT. CO-DEFENDANT MICHAEL WINN, BY ALL RIGHTS, SHOULD HAVE BEEN AT TRIAL. WINN'S PLEA OF GUILT, WAS NOT ACCEPTED, BEFORE THE START OF TRIAL. DEFENDANT GLEASON WAS PREJUDICED BY THE COURTS, IN ALLOWING MICHAEL WINN'S PLEA of GUILT TO BE ACCEPTED AFTER GLEASON'S TRIAL, WHEN NO SEVERANCE MOTION WAS FILED BEFORE THIS COURT. IN THE COURT DOING THIS, THE COURT ALLOWED CO-DEFENDANT WINN, TO SEE AND ADJUST TO WHAT THE OUTCOME of DEFENDANT GLEASON'S TRIAL WAS BEFORE HAVING THIS COURT ACCEPT

(2)

CO-DEFENDANT MICHAEL WINN'S PLEA. THEREFORE, MICHAEL WINN WAS GIVEN A SHOW OF FAVORITISM.

AT THE TIME THE JURY WAS SELECTED, JEPORADY HAD ATTACHED ITSELF TO BOTH OF THE DEFENDANTS, GLEASON and WINN CONSPIRACY ALLEGATION BEFORE THIS COURT, BECAUSE NEITHER DEFENDANT HAD A PLEA OF GUILT "ACCEPTED" BEFORE THIS COURT, AS THIS COURTS RECORDS WILL REFLECT. AGAIN EMPHASISING DEFENDANT WINN, HAVING ADVANTAGE, TO UNDERSTAND DEFENDANT GLEASON'S OUTCOME DURING TRIAL, BEFORE DEFENDANT WINN'S PLEA OF GUILT WAS ACCEPTED. FED. R. CRIM. P. 11(d)(1) prior to the court "accepting" the plea, the defendant may withdraw guilty plea, for any or no reason. MICHAEL WINN was GIVEN an UNFAIR ADVANTAGEOUS OPPORTUNITY TO SEE IF EDWARD GLEASON WOULD BE AQUITTED AT TRIAL, BEFORE, WINN FINALIZED HIS PLEA. CO-DEFENDANT WINN, COULD AT THAT TIME, REFUSE TO ▓▓▓ PARTICIPATE IN THE ACCEPTANCE of his PLEA, BECAUSE AT THE TIME WINN'S TRIAL WOULD BE OVER. THERE WAS NO SEVERANCE MOTION FILED. DEFENDANT WINN WAS ALLOWED to STEP AWAY FROM TRIAL, WITHOUT A SEVERANCE, OR A GUILTY PLEA BEFORE THIS COURT. THE RULES OF CRIMINAL PROCEDURE SHOULD BE FOLLOWED, AND FOR ALL DEFENDANT'S IN

SATISFIED OR UNSATISFIED CRIMINAL MATTERS. THE LAWS SHOULD BE APPLIED TO ALL DEFENDANTS. UNDER FED. CRIM. R. P. 11(d)(2)(B), defendant may withdraw from the plea of guilt, if he can show a fair and just reason for requesting the withdrawal. The "fair and just" standard is generous and "must" be applied liberally. See (U.S. v. DAVIS, 428 F.3d 802, 805)(9th Cir 2005). ADDITIONALLY, ERRONEOUS OR INADEQUATE LEGAL ADVICE MAY ALSO CONSTITUTE a fair and just reason for plea withdrawal, even without a showing of prejudice, when the motion to withdraw is made prior to "sentencing." (DAVIS, 428 F.3d at 806). DEFENDANT GLEASON'S PLEA WAS COERCED BY DEFENSE ATTORNEY JOHN OSGOOD, BY WAY OF BAD INADEQUATE ADVICE, BY, and FOR WHICH, COERCED DEFENDANT GLEASON INTO ENTERING A PLEA OF GUILT on day 2 of DEFENDANT GLEASON'S CRIMINAL TRIAL JULY 14, 2020. DEFENDANT'S ATTORNEY JOHN OSGOOD, STATED TO DEFENDANT AT TRIAL, THAT THE EVIDENCE WAS OVERWHELMING, AND THE DETECTIVE'S TESTIMONY on day 1 and 2 of TRIAL WAS CLEAR AND CONVINCING, and THE DEFENDANT WOULD MOST SURELY BE FOUND GUILTY. JOHN OSGOOD INSTRUCTED THE DEFENDANT TO PLEAD GUILTY. JOHN OSGOOD COULD NOT, and WOULD NOT KNOW WHAT THE JURY VERDICT MAY HAVE BEEN AT THE END OF TRIAL, THEREBY GIVING DEFENDANT

(4)

GLEASON ERRONEOUS AND INADEQUATE LEGAL ADVICE.

   MR. GLEASON WOULD LIKE THE COURT TO TAKE NOTICE, THAT FOR 42 MONTHS, SINCE HIS INITIAL APPERANCE, HE HAS CLAIMED and MAINTAINS HIS INNOCENCE. AND ONLY FELT PRESSURED BY HIS ATTORNEY JOHN OSGOOD TO ENTER A PLEA OF GUILT DURING TRIAL.

   FOR REASONS STATED ABOVE, DEFENDANT WISHES THIS COURT GRANT HIS MOTION TO WITHDRAW HIS GUILTY PLEA, AND GRANT NEW COUNSEL FOR FUTURE PROCEEDINGS.


I Edward Gleason declare under the penalty of perjury on 16th day of September 2020, that all above foregoing information is true and correct. Executed and signed by Edward Gleason

Edward J. Gleason
Edward J. Gleason

Edward Gleason

Subscribed and Sworn before me this 16th day of Sept 2020 in Bates Co. Mo.

Jami Page
Notary Public

JAMI PAGE
Notary Public - Notary Seal
STATE OF MISSOURI
Bates County
My Commission Expires: July 04, 2024
Commission #12411783