IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-00132-01-CR-W-GAF |
| EDWARD J. GLEASON, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S *PRO SE* MOTION TO WITHDRAW GUILTY PLEA**

Comes now the United States of America, by Timothy A. Garrison, United States Attorney, and Assistant United States Attorney, Alison D. Dunning, both for the Western District of Missouri, and files its response in opposition to the defendant's *pro se* motion to withdraw his guilty plea. (Doc. 160).[1] The Government opposes the request and asks the Court to deny the defendant's motion, and offers the following suggestions in support of its response.

### I. Procedural History

The defendant, Edward J. Gleason, was charged with three co-defendants, Michael C. Winn (02), Antony P. Zicarelli (03), and Terrance A. Hackett (04) in a fifteen-count indictment returned by a federal grand jury on April 19, 2017 alleging multiple charges related to the conspiracy to distribute, distribution, and possession with intent to distribute methamphetamine. The defendant was charged in 10 of the 15 counts. (Doc. 1.)[2] Having pled not guilty, the defendant

---

[1] The defendant's pleading also includes a motion to appoint new counsel for future proceedings. Due to the nature of this claim, the Government is not fully aware of the facts and circumstances underlying the defendant's request for new counsel. Therefore, that portion of the defendant's motion is not addressed herein by the Government.

[2] "Doc." refers to a district court document.

proceeded to trial before a jury on July 13, 2020. (Doc. 138.) The defendant was tried on four of the original 10 counts after the Government dismissed the remaining counts to narrow the issues at trial. (Doc. 134, 138.) On July 14, 2020, the defendant pled guilty to all four counts on the second day of trial. (Doc. 139.) The defendant filed his motion to withdraw his plea on September 21, 2020. (Doc. 160.) The following additional procedural history is relevant to the defendant's motion:

- September 25, 2019 – Hackett pled guilty. (Doc. 80.)
- February 21, 2020 – Order continuing the trial to April 20, 2020 upon the defendant's motion. (Doc. 91, 92.)
- March 9, 2020 – Winn's case scheduled for a change of plea hearing on April 15, 2020.
- March 16, 2020 – This Court entered its General Order in re Court Operations under the Exigent Circumstances Created by the Outbreak of Coronavirus Disease (COVID-19) (the "General Order"), continuing all jury trials and non-emergency criminal hearings through March 29, 2020.[3]
- March 24, 2020 – the General Order was extended to May 3, 2020 by a Superseding Order that continued all criminal jury trials still set on the April 20, 2020 trial docket to the June 1, 2020 trial docket.
- March 25, 2020 – Winn's plea hearing scheduled for April 15, 2020 was canceled with no new date set. (*See* docket entry this date.)
- March 30, 2020 – Order continuing the trial to June 1, 2020 upon the defendant's motion. (Doc. 98, 99.)
- April 20, 2020 - the General Order was extended to July 6, 2020 by a Second Superseding Order that continued all criminal jury trials still set on the June 1, 2020 trial docket to the July 6, 2020 trial docket.
- April 28, 2020 - Order continuing the trial to July 6, 2020 upon the defendant's motion. (Doc. 100, 101.)

---

[3] Under the Order, judges were permitted to hold non-emergency criminal hearings as, in their discretion, "may be necessary and appropriate to ensure the fairness of the proceedings and to preserve the rights of the parties." This provision was also included in the superseding orders.

2

- May 15, 2020 – Winn's attorney filed a motion requesting the preparation of a pre-plea presentence investigation report (PSR). (Doc. 102.)
- May 19, 2020 – Winn was scheduled for change of plea on July 2, 2020. (D.E. 103.)[4]
- May 22, 2020 – the Court[5] granted Winn's motion for pre-plea PSR. (Doc. 105.)
- June 16, 2020 – the Court rescheduled Winn's change of plea hearing to July 21, 2020. (D.E. 112.)
- June 18, 2020 – A pretrial conference was held. (D.E. 114.) Only the defendant was ordered to appear at the pretrial conference as the Court had previously cancelled this hearing as to Winn and Zicarelli because they were scheduled to plead guilty, and as to Hackett because he had previously pled guilty and was scheduled for sentencing. (*See* unnumbered docket entries dated May 26, 2020.)
- June 22, 2020 – Zicarelli pled guilty. (Doc. 118.)
- July 1, 2020 – the trial was canceled as to Zicarelli and Hackett because they had each previously pled guilty. (*See* docket entry this date.)
- July 2, 2020 – the trial was canceled as to Winn because his change of plea was set for July 21, 2020. (*See* docket entry this date.) The case was reassigned to this Court and was scheduled for trial on July 13, 2020. (D.E. 122.)
- July 13, 2020 – The defendant's trial commenced on July 13, 2020. (D.E. 138.)
- July 14, 2020 – The defendant entered a plea of guilty at the conclusion of the testimony of the first witness. (D.E. 139.)
- July 21, 2020 – Winn pled guilty. (Doc. 143.)
- September 21, 2020 – the Defendant filed his motion to withdraw his plea. (Doc. 160.)
- October 5, 2020 – Winn was sentenced. (Doc. 172, 173.)

---

[4] "D.E." indicates a District Court docket entry.

[5] This case is assigned to United States District Judge Gary A. Fenner as to co-defendants Winn, Zicarelli and Hackett. The defendant's case was reassigned to this Court for trial. (D.E. 122.)

## II. Legal Discussion

"A defendant has no absolute right to withdraw a guilty plea." *United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993). "Prior to sentencing, a defendant may be allowed to withdraw a guilty plea if he can show a fair and just reason for requesting the withdrawal." *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005) (citing Fed.R.Crim.P. 11(d)(2)(B)). "Other relevant factors include 'whether the defendant has asserted his innocence to the charge, the length of time between the plea of guilty and the motion to withdraw, and whether the government will be prejudiced by withdrawal.'" *United States v. Sampson*, 606 F.3d 505, 508 (8th Cir. 2010) (quoting *Austin*, 413 F.3d at 857). "A court need not consider all these factors if there was not a fair and just reason for withdrawing the plea." *Id.* (citing *Nichols*, 986 F.2d at 1201.) "A guilty plea is a solemn act not to be set aside lightly." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997) (citing *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)). "'The defendant bears the burden of establishing that he has a fair and just reason for requesting a withdrawal of his guilty plea. *Id.; United States v. Norvell*, 729 F.3d 788, 792 (8th Cir. 2013).

### A. The Defendant's Claimed "Fair and Just Reasons" to Withdraw his Guilty Plea

The defendant alleges three justifications, as fair and just reasons, for the withdrawal of his guilty plea, namely that co-defendant Winn received an advantage because he was not required to proceed to trial with the defendant on July 13, 2020 even though Winn had repeatedly evidenced a desire to plead guilty, a pre-plea PSR had been prepared, and his case was set for guilty plea on July 21, 2020; the defendant received ineffective assistance of counsel when his trial attorney advised him the evidence against him was "overwhelming" and advised the defendant to plead guilty; and the defendant is innocent despite his admissions to the contrary at his guilty plea hearing.

4

Case 4:17-cr-00132-BP   Document 179   Filed 10/13/20   Page 4 of 13

### 1. **The Scheduling of Winn's Plea after the Defendant's Trial is not a Fair and Just Reason for the Defendant to Withdraw his Guilty Plea**

The defendant's first reason for his request to withdraw his guilty plea is his claimed mistaken belief that all of his co-defendants had pled guilty prior to the date his trial commenced even though one co-defendant, Michael Winn, had not yet entered his guilty plea. The defendant claims that Winn, "by all rights, should have been at trial." (Doc. 160 at 2.) The defendant claims he was prejudiced because Winn "was given a show of favoritism" and Winn was "given an unfair advantageous opportunity to see if [the defendant] would be acquitted at trial before he finalized his plea." (Doc. 160 at 3.)

As support, the defendant states twice that "court records will reflect" that Winn had not entered his plea prior to the commencement of the defendant's trial. (Doc. 160 at 2, 3.) But these same court records reflected the very same information at the time of the defendant's trial—that Winn had not entered a guilty plea at the time of the defendant's trial. In fact, a docket entry dated June 16, 2020—one month prior to the defendant's trial—announced that Winn's guilty plea had been rescheduled from July 2, 2020 to July 21, 2020, and no entry exists to indicate that Winn had pled guilty at some earlier time. (*See* D.E. 112.) The defendant provides no basis for his claim that he was actually unaware of the status of Winn's plea.

The defendant's claim that Winn was somehow shown favoritism or had an advantage is also unsupported. As the procedural history outlined above indicates, Winn's counsel had attempted to schedule his guilty plea several times before the court rescheduled it on July 2, 2020 to July 21, 2020. Judge Fenner's May 22, 2020 order granting Winn's request for a pre-plea

5

PSR summarizes Winn's efforts to enter a plea:

> [Winn's] motion states [Winn]'s intent to plead guilty at the next opportunity, given that hearings have been suspended in response to the health risks posed by the COVID-19 virus. Preparation of a PSR in advance of [Winn]'s plea will minimize delay of this matter's final disposition.

(Doc. 105.)

Furthermore, even if the delay in Winn's guilty plea resulted in some advantage for Winn (which the record does not support), it simply does not logically follow that the advantage to Winn results in a *disadvantage* somehow to the defendant. And, the defendant's plea itself eliminated the supposed "advantage" to Winn complained of by the defendant. Moreover, if the defendant were permitted to withdraw his plea, he would be put back in to the position he claims he thought he was in when he pled guilty – he would be the only defendant who had not yet resolved his case by plea or trial. The defendant claims, without citation, that allowing Winn to plea after the commencement of the defendant's trial was an improper severance. Again, arguing nothing more than the supposed advantageous position this created for Winn, the defendant makes no more than a bare assertion of any prejudice to his case.[6] And, certainly, it would have been prejudicial to Winn to force him to trial when he wished to waive his rights and plead guilty. The defendant's claim that the timing of Winn's plea is a fair and just reason for the withdrawal of his plea should be denied.

### 2. **The Defendant's Attorney's Advice did not Constitute Ineffective Assistance of Counsel or a Fair and Just Reason to Withdraw his Guilty Plea**

The defendant also asserts that ineffective assistance of his trial counsel constitutes a fair and just reason for withdrawing his plea. Specifically, the defendant claims he was coerced by

---

[6] The defendant makes a fleeting reference to the 6th and 14th Amendments in his motion, but provides no additional basis for these claims. Thus, the Government does not specifically address them.

6

"bad inadequate advice" of trial counsel when his trial counsel told him the evidence against him was "overwhelming" and that the defendant would "most surely be found guilty." (Doc. 160 at 4.) The defendant's claims are contrary to the record and should be denied.

The record of the defendant's plea hearing establishes the defendant's plea was knowing and voluntary, and that he was not coerced to enter his guilty plea. At the outset of the defendant's plea hearing, he was placed under oath. (Plea Tr. 4.)[7] Prior to accepting his plea, the Court conducted a colloquy with the defendant in conformance with Rule 11. (*See generally* Plea Tr.) The defendant denied that his attorney, or anyone else, had made any promises or threats that caused him to plead guilty, and denied that anyone had forced him to plead guilty. (Plea Tr. 20.)

The defendant expressed satisfaction with his attorney's performance, and did not advise the court of any complaints about deficient or ineffective representation. During his plea hearing, the defendant confirmed that he had discussed the indictment with his attorney (Plea. Tr. 6.) The defendant affirmed when asked by the Court that he was "satisfied with the advice and representation" and had no "concerns about the advice and representation" provided by his attorney, and there was nothing that his attorney had done that the defendant had specifically asked him not to do. (Plea Tr. 9.) These statements made by the defendant under oath at his plea hearing contradict his claim in his motion that his attorney coerced him or provided ineffective assistance to him. The defendant's "failure to assert any objections to counsel's performance at the Rule 11 hearing refutes any claim of ineffective assistance of counsel as a basis for withdrawing his pleas." *United States v. Abdullah*, 947 F.2d 306, 312 (8th Cir. 1991) (defendant claimed his plea was made under duress when his attorney "pressured him into pleading guilty"). *See also Norvell*, 729 F.3d at 796; *United States v. Murphy*, 572 F.3d 563, 569 (8th Cir. 2009).

---

[7] "Plea Tr." refers to the transcript of the defendant's guilty plea hearing on July 14, 2020.

7

The defendant complains that his attorney's assessment that the evidence against him was overwhelming and his advice that he should plead guilty was erroneous because his attorney could not know what the verdict would be. (Doc. 160 at 4-5.) The defendant's argument is logically unsound. Under this standard, it would be virtually impossible for any attorney to provide effective assistance even though the attorney's advice is based upon training and experience because the outcomes are generally not known when an attorney gives advice to his or her client. Reliance on, or being influenced by, his attorney's advice as to the strength of the evidence does not constitute a fair and just reason for the defendant to withdraw his guilty plea. *See Nichols*, 986 F.2d at 1203; *United States v. Briscoe*, 428 F.2d 954, 957 n.3 (8th Cir. 1970); *United States v. Nigro*, 262 F.2d 783, 787 (3rd Cir. 1959). Additionally, the defendant has previously been convicted of felony offenses, including a federal offense (*see* Plea Tr. 13), and his experience with the process is relevant to the Court's determination of his present claim.

Moreover, in this case, both the defendant and his attorney had a clear insight into the evidence in his case because trial had begun. The defendant pled guilty on the second day of his trial after the conclusion of the comprehensive testimony of the Government's first witness, Kansas City, Missouri Police Department Sergeant Aaron Hendershot, which included testimony that investigators had: conducted a controlled buy of methamphetamine from the defendant using pre-recorded buy money, surveilled the defendant and others, seized bulk cash at the defendant's home that had the pre-recorded buy money intermingled with it, and seized a large amount of methamphetamine from an apartment revealed by the defendant in his confession as a place at which he was storing methamphetamine. Not only could the defendant's attorney provide an assessment of the evidence, but the defendant himself had seen the thorough and wide-ranging testimony of Sergeant Hendershot and was certainly in a position to carefully consider its impact.

8

During his plea hearing, the defendant was advised again of the evidence against him, and he acknowledged his consideration of the evidence, confirmed his decision to plead guilty and admitted his guilt to each charge:

> COURT: Now, obviously this is a little bit unusual because we've heard testimony from one witness in this case and you have decided to change your plea. Have you discussed your options with your attorney, Mr. Osgood?
>
> DEFENDANT: Yes.
>
> COURT: And have you knowingly decided to give up your right to a jury trial and instead plead guilty to these charges?
>
> DEFENDANT: Yes.
>
> **COURT: And do you have any reservation regarding the decision you've made pleading guilty to these charges?**
>
> **DEFENDANT: No.**

(Plea Tr. 14.) (Emphasis added.)

After hearing a summary of the Government's evidence during the change of plea hearing, the defendant acknowledged his guilt to each of the charges by affirmatively agreeing he had committed the offenses charged and formally entered pleas of guilty to each offense. (Plea Tr. 15-20.) The defendant agreed that he was "pleading guilty to these charges because [he is] in fact guilty." (Plea Tr. 20.) "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. McHenry*, 849 F.3d 699, 705 (8th Cir. 2017) (quoting *Morrison*, 967 F.2d at 268.

9

The defendant's claim that his attorney's advice regarding the strength of the evidence was deficient is not supported by the record and this Court should not find that it is a fair and just reason for the defendant to withdraw his plea. *See United States v. De Oliveira*, 623 F.3d 593, 597 (8th Cir. 2010) ("The strong evidence of De Oliveira's guilt, including his own admissions, and the timing of the motion to withdraw more than justify the lower court's denial.")

The record does not support the defendant's claims that his attorney coerced him or provided ineffective assistance of counsel when he advised the defendant to plead guilty based upon the strength of the evidence against him, and this claim should be denied.

### 3. **The Defendant's Bare Assertion of Innocence is not a Fair and Just Reason to Withdraw his Guilty Plea**

Despite his admissions at his guilty plea hearing, the defendant asserts in his motion that he "has claimed and maintains his innocence." (Doc. 160 at 5.) The defendant makes only this bare assertion, and provides no additional support. "'An assertion of innocence—even a 'swift change of heart after the plea'—does not constitute a 'fair and just reason' to grant withdrawal.'" *United States v. Alvarado*, 615 F.3d 916, 922 (8th Cir. 2010). "Conclusory assertions of innocence do not warrant an evidentiary hearing." *Morrison*, 967 F.2d at 268. Accordingly, the defendant's claim that his purported innocence supports his request to withdraw his plea should be denied.

### B. **The Court Need Not Consider the Additional Factors Because the Defendant Has not Met His Burden to Establish a Fair and Just Reason for the Withdrawal of his Guilty Plea**

As noted above, if the defendant establishes a fair and just reason for the withdrawal of his guilty plea, the Court should consider additional factors, including "[ ]'whether the defendant has asserted his innocence to the charge, the length of time between the plea of guilty and the motion to withdraw, and whether the government will be prejudiced by withdrawal.'" *Sampson*, 606 F.3d at 508 (quoting *Austin*, 413 F.3d at 857). However, "[a] court need not consider all these factors

10

if there was not a fair and just reason for withdrawing the plea." *Id.* (citing *Nichols*, 986 F.2d at 1201.) The defendant has not met his burden to establish a fair and just reason to withdraw his guilty plea and the Court therefore need not consider the additional factors.

However, even if the Court were to consider the additional factors, they would each weigh against the defendant's request to withdraw his guilty plea. The defendant has asserted his innocence to the charges, but as discussed above, he has made only an unsupported bare assertion. The defendant waited nearly 10 weeks to file his motion to withdraw his plea. This is especially relevant in this case to the consideration of the third factor, the prejudice to the Government, because the defendant's guilty plea took place in the midst of his jury trial. The Government had presented its first witness, whose testimony was lengthy, and had its remaining witnesses present and ready to testify. The defendant's guilty plea during his trial necessarily brought a halt to the Government's presentation. Not only would it be prejudicial to the Government to have to again prepare for trial, it is even more so when the Government had marshaled its resources to do so once before and was, in fact, in the middle of the defendant's trial when he pled guilty. Permitting the defendant to withdraw his plea would allow the defendant to manipulate the system by evaluating his chances at his first trial, then pleading when his attorney advised the evidence was overwhelming and expressed an opinion that the defendant would be convicted at the conclusion of his evidence, then withdrawing his plea so he could have the opportunity to proceed to trial in front of a different jury. The timing of his request and prejudice to the Government if the defendant is permitted to withdraw his guilty plea also weigh against the defendant's request, and it should be denied.

### III.     Conclusion

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court deny the defendant's request to withdraw his guilty plea.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By  */s/Alison D. Dunning*

Alison D. Dunning
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on October 13, 2020, to the Electronic Filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/Alison D. Dunning*
Alison D. Dunning
Assistant United States Attorney